**CLARK, Plaintiff-Appellee, v. CHAMBERS, Defendant-Appellant.**

Ohio Appeals, Second District, Champaign County.

No. 146.   Decided December 12, 1957.

Richard P. Faulkner, Urbana, for plaintiff-appellee.
William Chambers, Urbana, for self.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Champaign County in an action for an injunction in which the defendant was permanently enjoined from interfering with the attachment of a wire fence and from removing said fence wires from said corner post.

In his petition, plaintiff alleges that he and the defendant own adjoining farms, the farm owned by the defendant lying east of plaintiff's farm, said farms being on the south side of a roadway and separated by a partition fence. The defendant was obligated to construct and maintain the north half of said partition fence, the northernmost point being the end post at the roadway. The defendant failed to construct a portion of said fence near the roadway and thereafter the trustees of the township issued an order for the construction of said portion of the partition fence, with which the defendant refused to comply, and that thereafter said township trustees let a contract for the construction of said fence upon a legal bid by a contractor. Plaintiff further alleges that thereafter in the Common Pleas Court of Champaign County the defendant brought an action for an injunction against said trustees and the said contractor to prohibit the construction of said fence, and that upon hearing, an injunction was denied the defendant and on appeal to this Court the judgment of the Common Pleas Court was affirmed. Plaintiff further alleges that the fence was constructed by the contractor as ordered, including the installation of an end post at the north end of said fence at the road line, with the corner junction of the adjoining lands of plaintiff and defendant. Plaintiff further alleges that he has attempted to attach the end of his road fence to said post in order to complete the enclosure of his field. Plaintiff alleges that the defendant has removed the fence wires of plaintiff from said end post so that said field can not be enclosed and refuses to permit the plaintiff to attach his said fence to said post. Plaintiff claims he has no adequate remedy at law and prays for a permanent injunction.

To the petition defendant filed a demurrer, which was overruled. The defendant then filed an answer in which he claims he is the exclusive owner of the northern half of the partition fence and admits that

he has removed the wires of said field fence of the plaintiff which were attached to the end post. Defendant alleges that plaintiff, without the consent of the defendant, entered upon the premises of the defendant and attached plaintiff's wire fence to said end post. Defendant prays for damages.

Upon hearing the trial court in the judgment entry found that the right of the plaintiff to attach fence wires to said corner post had already been determined by the Common Pleas Court of Champaign County in the former action, which was affirmed by this Court of Appeals, and granted to plaintiff injunctive relief as prayed for, and denied defendant relief as prayed for in his answer.

On appeal to this Court on questions of law and fact, the matter is submitted to this Court on the transcript of the record in the lower court, and additional evidence submitted by both parties which was taken before a Special Master Commissioner. All objections to the admission or exclusion of evidence, and motions to strike, are overruled. Evidence was admitted which we consider to be inadmissible, irrelevant and immaterial, but which we do not find to be prejudicial.

The defendant-appellant in his brief in this Court claims the petition does not state a good cause of action and that the demurrer should have been sustained by the court below, and that the lower court erroneously struck certain allegations from the defendant's answer. This matter is presented to this Court de novo. We do not review the rulings of the court below. We try the case anew on the same or amended pleadings. No question pertaining to the pleadings has arisen in this Court. We are not concerned with the rulings on the pleadings by the court below. The defendant could have raised questions on the pleadings in this Court, but did not do so. The parties went to trial in this Court on their pleadings as they came from the lower court. The question whether the petition states a good cause of action can be raised at any time and will be considered by this Court in determining the issues on the merits.

Defendant claims that usage and custom, on which there was evidence taken, can not be shown without pleading it; that plaintiff can not assert the doctrine of res judicata; and that plaintiff has no legal right to attach wires to a corner post installed and maintained by the defendant.

Plaintiff claims, and introduced some evidence in support thereof, that there is a general custom which permits adjoining land owners to attach fence wires to a corner post installed by only one of such land owners. The defendant presented evidence denying existence of such custom. Evidence as to a general custom is admissible without being specially pleaded. **Vol. 40, O. Jur., Sec. 38, page 806.** It must be established by clear and satisfactory proof. **Vol 40, O. Jur.; Sec. 41, page 811.** The testimony of the witnesses on which the plaintiff relies to prove a general custom is very unsatisfactory. In most instances the witnesses stated that the matter was usually settled by agreement of the land owners. After weighing all of the evidence we can not conclude that plaintiff has sustained the burdn of proof on this factual issue.

The plaintiff pleaded and submitted proof on the question of res judicata. At one stage in the controversy between the parties, after the township trustees had viewed the premises and assigned the partition fence as provided in §5908 GC, et seq, the plaintiff complained to the trustees that the defendant had not constructed the partition fence, at least the one panel near the road, and the end post as ordered by the trustees. The trustees proceeded, under §5913 GC, to sell the contract to build the fence as formerly ordered by the trustees. The contract was let to one Barker. At this juncture the defendant, Chambers, brought an action to enjoin the trustees and Barker from constructing the fence, contending that he had complied with the order of the trustees. The action is entitled Chambers, Plaintiff, v. Barker, et al., Defendants, Case No. 23298, Common Pleas Court of Champaign County. The validity of the orders of the trustees was litigated in that action. The Common Pleas Court held that the order of the trustees was valid, and refused the injunction. On appeal, this Court affirmed the judgment. The plaintiff in this action was not a party in Case No. 23298. Under the doctrine of res judicata, the judgment is binding upon all parties to the proceeding in which it is rendered and all persons in privity with them. The plaintiff in this action was not a party, nor in privity to any party in that suit. The operation of the rule is mutual. See Vol. 23, O. Jur., page 1008, Sections 792, 793. In our opinion the doctrine of res judicata has no application. However, the doctrine of stare decisis has application and we are disposed to follow our former unreported opinion dated October 19, 1954.

The defendant's claim in this action is that the trustees had authority to assign the partition fence, but had no authority over the road fence of the plaintiff and, therefore, had no statutory authority to require the wires of the plaintiff's road fence to be attached to the end post of the partition fence. The pertinent part of the assignment order of the trustees is as follows:

"William A. Chambers shall have his end post at north end of line at road on line. Said line to be agreed upon by both parties to be 18 or 20 inches west of present fence. Floyd S. Clark shall not set his end post for his road fence running west from north end not closer than two feet from line running north and south. William A. Chambers shall allow Floyd S. Clark to use William A. Chambers end post to close short space between Floyd S. Clark's and William A. Chambers end post."

Later the trustees instructed Barker to use a steel end post and set it in concrete, which was done. The concrete footing was described as three feet or more in width. It will be noted that the trustees ordered the end post to be set on "at road on line." In later instructions to Barker this order was clarified by the trustees in ordering the end post set "so that north side of end post will be in line with the fence along road." The evidence is undisputed that the end post of the partition fence was set by Barker as ordered. It is also undisputed that because of the concrete base in which the end post was set, the plaintiff was not able to place the end post of his road fence closer than 21 to 24 inches from the partition fence end post. Thus, an opening of approximately 2 feet

existed between the two posts which permitted cattle and hogs of the plaintiff to escape the enclosure. It will be observed that this controversy revolves around the closing of this 2 foot opening in plaintiff's road fence. It must be noted, too, that the plaintiff is not using the end post of the partition fence as an anchor post. Only 2 feet of wire stretched by hand across the opening from one post to the other is involved in this dispute.

The trustees are practical men, and must have known that because of the concrete base of the partition fence end post, the plaintiff would . not be able to set another post close enough to the partition line to close the field. For this reason the trustees provided that plaintiff would be permitted to attach about two feet of his wire fence, extending from his road fence end post to the end post of the partition fence. This was a common sense approach to the problem and was in all respects a reasonable solution. But the defendant contends the trustees had no legal authority over plaintiff's road fence. The trustees exercised their statutory authority over the partition fence and the end post and could determine where the end post should be placed, the manner of construction, how it was to be used, and what burdens it would bear. In our opinion, the order of the trustees was valid, as we have heretofore determined in the former appeal, and the plaintiff will be granted the injunctive relief prayed for. The defendant will be denied the relief prayed for in the answer.

A decree may be drawn in conformity herewith.

HORNBECK, PJ, CRAWFORD, J, concur.